UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| JEROME CAZAUBON, ET AL. | * | CIVIL ACTION |
|---|---|---|
| VERSUS | * | NO. 23-252 |
| CHIPOTLE MEXICAN GRILL, INC., ET AL. | * | SECTION "A" (2) |

## ORDER AND REASONS

Before me is Defendant Chipotle Mexican Grill, Inc.'s Motion for More Definite Statement. ECF No. 6. To date, Plaintiffs have not filed an Opposition Memorandum, which should have been filed by February 21, 2023, pursuant to Local Rule 7.5. Although the Court has authority to grant a motion as unopposed, it is not required to do so.[1] No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Having considered the record, the written submissions of counsel, and the applicable law, the motion is DENIED for the reasons set forth herein.

## I.   BACKGROUND

Plaintiffs Jerome Cazaubon, Daniel Cazaubon III and Alison Cazaubon filed suit in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, against Chipotle Mexican Grill, Inc. and its unnamed insurer alleging they suffered food poisoning after eating queso dip and chips on December 29, 2021. ECF No. 1-1 ¶ III. Defendant removed the case to this court on January 19, 2023 on the basis of diversity jurisdiction. ECF No. 1 at 2-5. Defendant then filed this motion for more definite statement, arguing that Plaintiffs' petition fails to provide the basic factual assertions giving rise to each Plaintiff's claims and improperly uses a single pronoun after

---

[1] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993).

grouping Plaintiffs together.  ECF No. 6-1 at 1-2.  On that basis, Defendant contends the petition is "impermissibly vague and devoid of factual allegations to put Chipotle on notice of the claims against it" because it is unclear which claims are being asserted on behalf of which plaintiff and the extent of alleged medical damages and treatment sustained by each plaintiff.  *Id.* at 3.

## II.    LAW AND ANALYSIS

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a plaintiff's complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The complaint need not provide "detailed factual allegations," but must simply provide the plaintiff's grounds for entitlement to relief.[2]

Rule 12(e) entitles a party to a more definite statement when a portion of a pleading to which a responsive pleading is allowed "is so vague or ambiguous that the party cannot reasonably prepare a response."[3]  Rule 12(e) essentially provides a remedy for unintelligible pleadings, and is successfully invoked where "(1) a responding party cannot reasonably respond to a pleading or (2) the pleading does not provide sufficient notice."[4]  A Rule 12(e) motion must state the defects in the pleading and the details desired.[5]

Motions for more definite statements are generally disfavored because of the liberal pleading standards of Rule 8.[6]  If, however, a pleading "fails to specify the allegations in a manner

---

[2] *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).

[3] FED. R. CIV. P. 12(e). Rule 12(e) looks to "whether the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer."  *Coleman v. H.C. Price Co.*, No. 11-2937, 2012 WL 1118775, at *6 (E.D. La. Apr. 3, 2012) (citations and quotation omitted); *see also Babcock & Wilcox Co. v. McGriff, Seibels & Williams, Inc.*, 235 F.R.D. 632, 633 (E.D. La. 2006) (noting the standard for evaluating a motion for more definite statement is whether the complaint "is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it") (quoting *Advanced Comm'ns Techs., Inc. v. Li*, No. 05-4628, 2005 WL 3215222, at *3 (S.D.N.Y. Nov. 30, 2005) (internal citation omitted)).

[4] *Dubuque Barge & Fleeting Serv., Inc. v. Plaquemines Par. Gov't*, No. 10-0516, 2010 WL 1710372, at *2 (E.D. La. Apr. 23, 2010) (citations omitted).

[5] *Alford v. Chevron U.S.A. Inc.*, 13 F. Supp. 3d 581, 590 (E.D. La. 2014).

[6] Rule 8 simply call for a short and plain statement of the claim to give the defendant fair notice of the claim and the grounds upon which it rests. *See, e.g., Alford*, 13 F. Supp. 3d at 590-91 (citations omitted).

that provides sufficient notice," then a Rule 12(e) motion may be appropriate.[7]   That said, discovery, not a motion for more definite statement, is the appropriate vehicle to develop the facts of the case.[8]   In deciding whether to grant a Rule 12(e) motion, "[t]he trial judge is given considerable discretion."[9]

While the petition no doubt has typos and mistakes with regard to proper reference to plaintiffs and then a singular pronoun and it groups plaintiffs together, it still serves to provide Defendant with sufficient notice of the claims against it:  Plaintiffs contracted food poising from Defendant's queso and chips on December 21, 2021.  Merely grouping the plaintiffs together without specifying which claims are asserted by which particular plaintiff is insufficient to require a more definite statement.[10]   Rather, those details can be fleshed out during discovery.

## III.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that Defendant's motion for more definite statement (ECF No. 6) is DENIED.

New Orleans, Louisiana, this _____1st_____ day of March, 2023.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[7] *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).
[8] *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959) (stating that a party may not use a Rule 12(e) motion as a substitute for discovery).
[9] *Murungi v. Tex. Guaranteed*, 646 F. Supp. 2d 804, 811 (E.D. La. 2009) (citation omitted).
[10] *See Alford*, 13 F. Supp. 3d at 591 (denying Rule 12(e) motion that "improperly grouped all of the defendants together").